57 F.3d 1072
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Leo C. VICKERMAN; Beverly J. Vickerman, Plaintiffs-Appellants,
v.
E.I. DUPONT DE NEMOURS & COMPANY, INC., Defendant-Appellee.
 Nos. 94-1142, 94-1355.
 United States Court of Appeals, Sixth Circuit.
 June 2, 1995.
 
 Before: BOGGS and BATCHELDER, Circuit Judges; and QUIST, District Judge.[1]
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant, Leo Vickerman, appeals an order of the district court granting the defendant's motion for summary judgment and awarding Rule 11 sanctions against the plaintiff. In his amended complaint, Vickerman alleged that he had been discriminated against and constructively discharged by his former employer, E.I. DuPont de Nemours & Company, Inc. (DuPont). His complaint contained several counts, including age discrimination, early retirement program age discrimination, severance program age discrimination, breach of contract, constructive discharge, wrongful discharge, retaliatory action, intentional infliction of emotional distress, defamation, loss of consortium, violation of duty of fair dealing, misrepresentation, violation of civil rights, negligence and harassment as to disability. For the following reasons, we affirm the decision of the district court.
 
 I.
 
 2
 Vickerman was hired as a wage roll worker at DuPont's Flint plant in 1964. He became a supervisor in 1966 and remained in that position until his retirement in April of 1991. On January 28, 1991, Vickerman elected to retire at the age of 53. His retirement became effective April 1, 1991. Almost two years later he filed a complaint alleging that he had been harassed and forced to retire.
 
 
 3
 Vickerman claimed his decision to retire was made after his immediate supervisor, Dennis Delaney, asked him a question about the production area. Vickerman told Delaney he did not know the answer because he had never worked in that area. Delaney allegedly responded that perhaps he should bring Vickerman to the production area for training. Vickerman said he had no desire to work in production. Delaney allegedly replied, "don't tempt me." Vickerman claimed that this incident was the "straw that broke the camel's back" and compelled him to submit his retirement papers. He also cited other adverse employment actions allegedly taken by DuPont.
 
 
 4
 The district court granted summary judgment for the defendant on all claims. Its opinion states, "This is a rare case. There is virtually no evidence in support of any of Plaintiff's claims .... [Plaintiff] has provided no evidence that he did not retire voluntarily without coercion, discrimination, harassment, or other illegal inducement." Vickerman v. E. I. DuPont De Nemours & Co., Inc., No. 93-CV-40183, slip op. at 2, 4 (E.D. Mich. Dec. 21, 1993). Vickerman filed a timely notice of appeal.
 
 II.
 
 5
 This court reviews a district court's grant of summary judgment de novo. Wolotsky v. Huhn, 960 F.2d 1331, 1334 (6th Cir. 1992). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In making its determination, this court will view the evidence in the light most favorable to the non-moving party. Wolotsky, 960 F.2d at 1334.
 
 
 6
 This court has reviewed the record and has been unable to locate facts supporting plaintiff's claims. The record indicates that Vickerman voluntarily chose to retire. His wrongful discharge claim fails because he was not discharged; he voluntarily elected to retire. Vickerman has been unable to satisfy the requirements of a constructive discharge claim. The record simply does not support a finding that conditions at the DuPont plant were so intolerable that a reasonable person in Vickerman's position would have felt compelled to resign. Nor is there factual support for Vickerman's claim that the defendant's conduct was so severe and outrageous as to support a cause of action for intentional infliction of emotional distress. We have also been unable to discover facts showing how Vickerman was treated disparately because of his age. The breach of contract and retaliatory action claims do not apply to the facts in this case. Because we do not find any genuine issues of material fact with respect to plaintiff's claims, we affirm the district court's grant of summary judgment.
 
 Sanctions
 
 7
 The district court found that plaintiff's counsel failed to fulfill his obligation to conduct a reasonable inquiry into the facts of the case. Consequently, the district court imposed sanctions pursuant to Fed. R. Civ. P. 11 and entered an order awarding defendant $4,321.00 in attorney fees and $431.73 in costs. "The standard for review for the appellate court for both the decision to award and the amount of damages is abuse of discretion." Ortman v. Michigan, No. 92--2177, 1994 U.S. App. LEXIS 969, at * 7, (6th Cir. Jan. 18, 1994). This court does not believe that the district court abused its discretion by awarding sanctions against the plaintiff. Furthermore, the amount of the award does not constitute an abuse of discretion. Consequently, the district court's award of sanctions is affirmed.
 
 
 8
 Defendant has requested that this Court award sanctions against plaintiff and/or its counsel for filing this appeal which defendant characterizes as frivolous. Fed. R. App. P. 38 provides that a court of appeals may award damages if it determines that an appeal is frivolous. The Court does not believe that this appeal was vexatious or meant for delay. Therefore, defendant's request for sanctions as to this appeal is DENIED.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation